CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2019 DEC 13  PM 2: 03

DEPUTY CLERK

**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| BAL ANAND DAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-00870-A |
| | § | |
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

Defendant American Airlines, Inc.'s Motion to Dismiss, Dkt. #9 ("Motion to Dismiss" or "MTD") should be denied because Plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), for failure to accommodate and hostile work environment are not time-barred, and otherwise the First Amended Complaint, Dkt. #7 ("FAC"), adequately states claims for wrongful termination in violation of the ADA, the Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA"), and the Family and Medical Leave Act, 29 U.SC. § 2601, *et seq.* (the "FMLA").

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.      SUMMARY .............................................................................................1

II.     ARGUMENTS AND AUTHORITIES..........................................................1

    A.  Das is only required to plead factual allegations that allow the Court to draw
        the reasonable inference that American violated the law. ...................................1

    B.  Defendant's Motion to Dismiss should be denied because Plaintiff timely filed a
        Charge of Discrimination and therefore exhausted his administrative remedies. ..............2

    C.  Defendant's Motion to Dismiss Count I, Failure to Accommodate in Violation of
        the ADA, should be denied because Plaintiff timely filed his Charge of
        Discrimination........................................................................................4

    D.  Plaintiff properly pled his ADA Claims in Counts I, II, III and IV. ....................................6

        1.   Plaintiff properly pled his failure-to-accommodate claim (Count I). .....................6

        2.   Plaintiff properly pled his hostile work environment claim (Count II). .................7

        3.   Plaintiff properly pled his discriminatory discharge claim under the ADA
            and TCHRA (Count III)..........................................................................9

        4.   Plaintiff properly pled his retaliatory discharge claim (Count IV). .......................10

    E.  Plaintiff's First Amended Complaint states a claim for relief under the FMLA
        (Count V). ............................................................................................10

        1.   Plaintiff has sufficiently pled an FMLA retaliation claim. ...................................10

        2.   Plaintiff has sufficiently pled an FMLA interference claim. ................................11

III.    CONCLUSION.........................................................................................12

## TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................2

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) .........................................................1, 2, 11

*Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316 (5th Cir. 1999)...............................................11

*Delaware State Coll. v. Ricks*, 449 U.S. 250 (1980)...................................................................4

*EEOC v. Agro Distribution, LLC*, 555 F.3d 462 (5th Cir. 2009) ....................................................7

*Evans v. Houston*, 246 F.3d 344 (5th Cir. 2001) ....................................................................10

*Feist v. Louisiana, Department of Justice, Office of the Attorney General*,
    730 F.3d 450 (5th Cir. 2013) ........................................................................................6, 10

*Garvin v. Sw. Correctional, L.L.C.*, 391 F. Supp. 3d 640 (N.D. Tex. 2019)................................10

*Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387 (5th Cir. 2005) ...................................5

*Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757 (5th Cir. 2001)......................................10

*Ledbetter v. The Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007) ............................................5

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ...................................................5

*Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex. 1991)...............................................2

*Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)........................................................................11

*Tobin v. Liberty Mutual Insurance Co.*, 553 F.3d 121 (1st Cir. 2009)........................................4, 5

*Weeks v. Southern Bell Telephone & Telegraph Co.*, 408 F.2d 228 (5th Cir. 1969).......................3

*Wiggins v. Coast Professional, Inc.*, No. 14–0002,
    2014 WL 2768841 (W.D. La. June 18, 2014) ...................................................................11

STATUTES, REGULATIONS, AND RULES

42 U.S.C. § 12102(1)(A) ................................................................ 6

42 U.S.C. § 12102(2)(B) ................................................................ 7

42 U.S.C. § 12112(b)(5)(A) ........................................................... 6

42 U.S.C. § 12117(a) ..................................................................... 2

29 C.F.R. § 1601.12(b) .................................................................. 3

FED. R. CIV. P. 8(a) ....................................................................... 1

TEX. LAB. CODE ANN. § 21.155(a)(2) ........................................ 3, 4

TEX. LAB. CODE ANN. §§ 21.201-.202 ......................................... 2

TEX. LAB. CODE ANN. § 21.201(b) ............................................... 2

TEX. LAB. CODE ANN. § 21.201(e) ............................................... 3

TEX. LAB. CODE ANN. § 21.201(f) ................................................ 3

## I.  SUMMARY

To make the facts and procedural history of this case more discernable in response to American's claims that Plaintiff failed to timely exhaust his administrative remedies, Plaintiff respectfully provides the following chronological summary:

| | |
|---|---|
| February 1, 2018 | American denies Plaintiff's initial reasonable accommodation request. FAC ¶ 22. |
| April 19, 2018 | At American's request, Plaintiff submits a new accommodation request, which also accounts for a change in his symptoms and medical treatment. American refused to grant this new request. *See id.* ¶¶ 23-24. |
| June 29, 2018 | After continued disagreement concerning Plaintiff's medical condition, Plaintiff's boss issues him a Performance Counseling Warning. *Id.* ¶ 27. Plaintiff complains to American that he was being discriminated against. *Id.* |
| August 13, 2018 | American terminates Plaintiff's employment. *Id.* ¶ 30. |
| February 8, 2019 | Plaintiff files his Original Charge. *Id.* ¶ 5; *see also* Plaintiff's Appendix ("Pl.'s App."), at App. 001-004. |
| February 15, 2019 | The TWC forward's the Original Charge to the Fort Worth Community Relations Department. Pl.'s App. 005. |
| March 18, 2019 | Plaintiff submits his Verified Charge to the Fort Worth Human Relations Commission and the Equal Employment Opportunity Commission. Pl.'s App. 006-008 ("Verified Charge"). |

## II.  ARGUMENTS AND AUTHORITIES

**A.  Das is only required to plead factual allegations that allow the Court to draw the reasonable inference that American violated the law.**

FED. R. CIV. P. 8(a)'s pleading standards require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**          **PAGE 1**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts "that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

**B.**    **Defendant's Motion to Dismiss should be denied because Plaintiff timely filed a Charge of Discrimination and therefore exhausted his administrative remedies.**

American's first two bases for its Motion to Dismiss fail because they both ignore that Plaintiff's March 18, 2019 Verified Charge did not relate back to his Original Charge filed with the TWC on February 8, 2019, which cured the lack of verification in the Original Charge. *See* Motion, Parts III.A. and III.B. However, the TCHRA and the ADA permit a complainant to cure defects in a complaint with an amended charge that relates back to the original filing date of the defective complaint. Since Plaintiff's First Amended Complaint pleads that he timely filed the Original Charge with the TWC, and since the defects American alleges it contains were cured as permitted by the ADA and TCHA through Plaintiff's Verified Charged, Plaintiff has sufficiently pled that he timely filed a charge of discrimination and American's Motion on these grounds must be denied.

To bring suit for a violation of the Texas Commission on Human Rights Act and Americans with Disabilities Act, the plaintiff must first have exhausted the administrative remedies under the Act. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). To initiate the administrative process, an aggrieved employee must file a complaint with the TWC no later than the 180th day after the date the alleged unlawful employment practice occurred. Tex. Lab. Code Ann. §§ 21.201-.202. For discriminatory acts which are also covered under state law, the deadline may be extended to 300 days. 42 U.S.C. § 12117(a). The complaint must be in writing and under oath. Tex. Lab. Code Ann. § 21.201(b); 42 U.S.C. § 12117(a). If there is a technical defect or omission in the complaint, including a lack of verification, it may be

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**    **PAGE 2**

cured by amending the complaint. TEX. LAB. CODE ANN. § 21.201(e); *see Weeks v. Southern Bell Tel. & Tel. Co.*, 408 F.2d 228, 231 (5th Cir. 1969) ("[A] complaint in writing timely received may be amended after" the statutory filing period so as to meet the verification requirement since the provision is directory in nature). An amended discrimination complaint relates back to the date the original, unverified complaint was first received by the TWC or EEOC. TEX. LAB. CODE ANN. § 21.201(f); 29 C.F.R. § 1601.12(b).

On February 8, 2019, Plaintiff dual-filed the Original Charge against Defendant with the EEOC and the TWC. *See* FAC ¶ 5; *see also* Pl.'s App. 001-004. On March 18, 2019, Plaintiff filed a Verified Charge of Discrimination, which amended his Original Charge and included a proper verification under oath, thus curing any technical defects in his Original Charge . *See* Pl.'s App. 006-008. Therefore, Plaintiff timely filed a Charge of Discrimination with the TWC and EEOC.

Further, Defendant argues that Plaintiff did not exhaust his administrative remedies because the TWC does not have jurisdiction over Plaintiff's complaint. In making this argument, Defendant overlooks TEX. LAB. CODE ANN. § 21.155(a)(2), which states:

> Sec. 21.155. REFERRAL TO LOCAL COMMISSION AND ACTION ON COMPLAINTS. (a)   The Commission on Human Rights shall refer a complaint concerning discrimination in employment because of race, color, disability, religion, sex, national origin, or age that is filed with that commission to a local commission with the necessary investigatory and conciliatory powers if: …
> > (2)  jurisdiction over the subject matter of the complaint has been deferred to the Commission on Human Rights by the federal government.

American places a good deal of emphasis on the TWC's dismissing Plaintiff's complaint for lack of jurisdiction, while completely overlooking the fact that the letter also states that the TWC forwarded Plaintiff's complaint to the Fort Worth Community Relations Department ("FWCRD") for processing. *See* Pl.'s App. 004. According to TEX. LAB. CODE ANN.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**          **PAGE 3**

§ 21.155(a)(2), it was the TWC's duty to forward the complaint to the FWCRD. The FWCRD's receipt of the complaint is confirmed by the March 18, 2019 Verified Charge of Discrimination. The TWC thus clearly treated Plaintiff's February 8, 2019 Original Charge as a charge of discrimination by forwarding it to the appropriate local agency for processing – without the need for further action by Plaintiff. This renders American's reliance on *Melga* and *Gutierrez* inapposite. As plainly shown above, Plaintiff timely filed a charge of discrimination and exhausted his administrative remedies, and Defendant's Motion should be DENIED.

**C.      Defendant's Motion to Dismiss Count I, Failure to Accommodate in Violation of the ADA, should be denied because Plaintiff timely filed his Charge of Discrimination.**

The Motion, in Part III.C., next seeks to attack Plaintiff's timely filing of his Original Charge with respect to his claim in Count I of his First Amended Complaint that American failed to accommodate Das's disabilities in violation of the ADA. However, because the denial of Plaintiff's accommodation request on April 19, 2018, was a separate, discrete act of discrimination that falls within 300 days before his February 8, 2019 Original Charge, the Motion to Dismiss must also be denied as to these grounds.

In its Motion to Dismiss, American argues that because the first failure to accommodate occurred sometime before June 21, 2017, Count I is time-barred because Plaintiff did not file his Charge of Discrimination with the EEOC until more than 300 days later on February 8, 2019. Plaintiff rebuts that his claim is not time-barred because each act of discrimination was a separate incident with its own statute of limitations.

Plaintiff's argument is consistent with the First Circuit's reasoning in *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121 (1st Cir. 2009). In *Tobin*, the Court recognized that "an employee may not extend or circumvent the limitations period by requesting modification or reversal of an employer's prior action." 553 F.3d at 131 (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 261

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS          PAGE 4**

n.15 (1980)). But the Court rejected the employee's attempt to claim a renewed accommodation request restarted the limitation period because it

> misapprehends the difference between instances in which the employer commits multiple acts, each of which is independently discriminatory, and those circumstances in which an employee attempts to rely on either the ongoing effects of the employer's single discriminatory act or the employee's efforts to obtain reversal of that singular act of alleged discrimination.

*Id.* Where the employee has made repeated requests for accommodations, each constitutes "a discrete act that was the basis for a separate claim of discrimination and carried with it a new statute of limitations." *Id.* at 132 (characterizing this as the "inevitable teaching of the Supreme Court's cases in this area"); *see also id.* at 131-133 (discussing, inter alia, *Ledbetter v. The Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007), and *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

In its Motion, American incorrectly attempts to characterize Plaintiff's claim in Count I as if it were a claim of a "continuing violation." American's reliance on *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387 (5th Cir. 2005), is incongruous. *Henson* held that each of the plaintiff's denied accommodation requests constitute discrete acts of discrimination and not properly considered under the continuing violation doctrine. 128 F. App'x at 391. Because each discrete act fell prior to the 300-day period before he filed his charge, his claims were time-barred. *Id.* Here, however, American requested that Plaintiff re-submit his previously rejected accommodation request in April 2018, which he did on April 19, 2018. FAC ¶¶ 23-24. By then, Plaintiff was experiencing a worsening of his Crohn's symptoms and had recently been given an increased dosage of medication from his doctor. *Id.* ¶ 24. Due to the change in circumstances and because American clearly requested to re-evaluate Plaintiff's updated accommodation request, the refusal to approve the April 19, 2018 request constitutes a new,

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**        **PAGE 5**

discrete act and is not merely the effect of an earlier denied accommodation request.[1] Plaintiff's Original Charge was filed on February 8, 2019, which is less than three hundred (300) days after April 19, 2018. *See id.* ¶ 5. Therefore, Plaintiff's Charge was timely filed and the Motion to Dismiss should be denied because the Court has subject matter jurisdiction over Count I of the First Amended Complaint.

**D.      Plaintiff properly pled his ADA Claims in Counts I, II, III and IV.**

   **1.      Plaintiff properly pled his failure-to-accommodate claim (Count II).**

Under the ADA, disability discrimination "includes … not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee[.]" 42 U.S.C. §12112(b)(5)(A). A prima facie claim for failure to accommodate requires that: "(1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Feist v. La., Dept. of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities include, *inter alia,* "the operation of a major bodily function, including but not limited

---

[1] Nor has Plaintiff alleged that this April 19, 2018 accommodation request was needed due to his disability being exacerbated by the prior denied request, thus rendering inapposite American's reliance on *Stewart v. District of Columbia*, No. 04-1444 CKK, 2006 WL 626921 (D.D.C. Mar. 12, 2006). In *Stewart*, the interactive process was initially completed, thus rendering the later accommodation request as insufficient to support a new statute of limitations. 2006 WL 626921, at *5-6. Here, it was *American* who requested that Plaintiff re-submit his previously denied accommodation request; Plaintiff did not merely resubmit his request in a futile attempt to re-start the clock. That, in addition to Plaintiff's changed circumstances, clearly make the denial of his April 19, 2018 accommodation request a new, discrete act. The remainder of the cases relied upon by American in its Motion in Part III.C. suffer the same fatal flaw.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**          **PAGE 6**

to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." *Id.* § 12102(2)(B).

In its Motion to Dismiss, American does not argue that Plaintiff failed to plead sufficient facts to support a prima facie case. Instead, it attempts to claim that Plaintiff is required to plead that "American refused any and all reasonable accommodations." *See* MTD, at 14. In so arguing, American relies on *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 470 (5th Cir. 2009). However, *Agro Distribution* did not concern pleading standards – it was a summary judgment case. In that case, the employer terminated the employee after the employee claimed that he was unable to assist with a task assigned by his manager due to his disability, despite the employee having successfully assisted with the same task before with an accommodation. The employee simply refused to perform the task again and presented no evidence that the prior accommodation would not have been honored. *See Agro Distrib.*, 555 F.3d at 471-72. Here, American's Motion fails to elucidate how the holding in *Agro Distribution* implicates federal pleading standards.

In the case at bar, the First Amended Complaint provides more than sufficient detail that Plaintiff's Crohn's disease substantially limited his digestive and bowel functions, including by causing frequent, sudden-onset bowel movements. *See* FAC ¶¶ 10, 21. These facts can easily be used by this Court or the jury to determine if Plaintiff's request to work from home or a flexible work schedule was a reasonable accommodation that American illegally denied. Therefore, Defendant's Motion to Dismiss should be DENIED as to Count I.

### 2.    Plaintiff properly pled his hostile work environment claim (Count II).

American's Motion to Dismiss only challenges two aspects of Plaintiff's Count II, the hostile work environment claim, namely that (1) he must plead sufficient facts that the

harassment he complained of was based on his disability; and (2) he must plead sufficient facts that the harassment affected a term, condition, or privilege of his employment. *See* MTD, at 14-15. The First Amended Complaint more than adequately pleads that the harassment Plaintiff faced was based on his disability and that it affected the terms, conditions, and privileges of his employment.

Plaintiff had pled several instances of unwanted harassment that were clearly based on his disability and that altered the terms and conditions of his employment. For example, Plaintiff's boss requiring him "to share the details of his medical condition, including highly sensitive and embarrassing information regarding the symptoms he experiences" is obviously related to and based on his disability, and the frequent, sudden-onset bowel movements described therein, since there would be no such requirement to share such private information otherwise. *See* FAC ¶ 17. This kind of invasion of privacy is simply inexcusable and clearly is not a normal workplace requirement. Plaintiff was also subject to his boss's persistent references to his disability and that Plaintiff was the "slowest link in the chain." *Id.* ¶ 20. Furthermore, Plaintiff was held to different standards that his co-workers: his boss overloaded him with work and reprimanded Plaintiff but not others for making the same mistakes. *Id.* His boss even specifically stated a dislike for sick people because of how they could affect his team. *Id.* Additionally, Mr. Pham required Plaintiff to provide one week's notice for extended bathroom breaks, which is absurd for even a healthy employee, let alone one with a disability that causes frequent, sudden onset needs to go to the bathroom. *See id.* ¶ 21. There is more than adequate factual allegations here to lead to an inference that the harassing and berating behavior by Plaintiff's boss was motivated by his disability and altered the terms of his employment. Therefore, the Defendant's Motion to Dismiss should be DENIED as to Count II.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**        **PAGE 8**

**3.    Plaintiff properly pled his discriminatory discharge claim under the ADA and TCHRA (Count III).**

The Motion to Dismiss only challenges Count III, discriminatory discharge based on disability, for the First Amended Complaint's claimed lack of allegations about (1) Plaintiff being replaced by a non-disabled person and (2) how Plaintiff was treated less favorably than non-disabled employees. *See* MTD, at 15-16. Each of these has been sufficiently pled in the First Amended Complaint.

While Plaintiff reserves the right to plead that he was replaced by a non-disabled employee should such information be adduced in discovery, he has more than adequately pled that he was treated less favorably than his co-workers. Defendant again attempts to dismiss the harassment and ridicule Plaintiff was subject to by belittling it as "a workplace spat at *worst*." *See* MTD, at 16. Defendant fails to recognize that, as discussed above, Mr. Pham and Plaintiff were not merely on unfavorable terms – Mr. Pham treated Defendant less favorably *because of* his disability and encouraged other non-disabled employees to target Plaintiff. *See* FAC ¶¶ 17, 20, 21. Plaintiff also was denied his earlier accommodation request to work from home even though another co-worker was being allowed to work from home. *Id.* ¶ 22. Additionally, Plaintiff pled that he was subjected to a discriminatory Performance Counseling Warning, which he rebutted, including by providing proof of feedback from co-workers and managers about his helpfulness, good performance, leadership, and positive attitude. *Id.* ¶¶ 27-28. The First Amended Complaint also pleads that Plaintiff should not have been included in the purported reduction-in-force in comparison with his non-disabled co-workers. *Id.* ¶ 31. Therefore, not only has Plaintiff pled that he was treated less favorably that his co-workers, but also that he would not have been included in the purported reduction-in-force if not for the discriminatory treatment. For these reasons, Defendant's Motion to Dismiss should be DENIED as to Count III.

### 4.    Plaintiff properly pled his retaliatory discharge claim (Count IV).

American's sole basis for contesting Count IV is that Plaintiff has purportedly failed to plead that any discrimination complaint was connected to his termination. *See* MTD, at 17. American is simply choosing to ignore that Plaintiff specifically pled that, following a June 29, 2018 Performance Counseling Warning, he "stated to Mr. Pham and Senior Manager Michelle Ladkin . . . that he felt Mr. Pham was discriminating against him due to his health condition." FAC ¶ 27. Plaintiff supported his belief that the performance claims were false with feedback from co-workers and managers about his helpfulness, good performance, leadership, and positive attitude. *Id.* ¶ 28. Less than seven weeks later, Plaintiff was discharged on August 13, 2018. *Id.* ¶ 30. This is far less than the four months that the Fifth Circuit has found to be sufficient to establish causation in retaliatory discharge cases. *See Feist*, 730 F.3d at 454 (citing *Evans v. Houston*, 246 F.3d 344, 354 (5th Cir. 2001)); *see also Garvin v. Sw. Correctional, L.L.C.*, 391 F. Supp. 3d 640, 653 (N.D. Tex. 2019) ("Temporal proximity alone may suffice when the acts are separated by weeks[.]") (citations omitted). Because Plaintiff has pled sufficiently close timing between his discrimination complaint and his termination, Plaintiff properly pled his retaliatory discharge claim. Therefore, Defendant's Motion to Dismiss should be DENIED as to Count IV.

### E.    Plaintiff's First Amended Complaint states a claim for relief under the FMLA (Count V).

### 1.    Plaintiff has sufficiently pled an FMLA retaliation claim.

A prima facie claim for retaliation under the FMLA is proved by showing that (1) the employee was protected by the FMLA, (2) he suffered an adverse employment decision, and either (3a) he was treated less favorably than an employee who did not request FMLA leave or (3b) the adverse employment decision was taken because he took FMLA leave. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001) (applying the *McDonnell Douglas*

framework to FMLA retaliation claims) (citing *Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 319 (5th Cir. 1999)).[2] "The FMLA's protection against retaliation is not limited to periods in which an employee is on FMLA leave, but encompasses the employee's conduct both during and after the employee's FMLA leave." *Id.* at 768-69; *Wiggins*, 2014 WL 2768841, at *5 & n.3 (citations omitted).

American seeks to dismiss Plaintiff's FMLA retaliation claim based on (1) a purported failure to plead that Plaintiff was terminated because of the FMLA-protected activity in which Plaintiff participated and (2) an alleged failure to show that American acted with discriminatory intent. *See* MTD, at 18. However, as previously stated, Plaintiff has clearly shown that he was treated less favorably than his co-workers, and that this was related to his medical condition. *See* FAC ¶¶ 17, 20, 21. Plaintiff's medical condition also required taking FMLA leave. *Id.* ¶ 63. Plaintiff pled enough facts to show that American acted with discriminatory intent when it terminated him because he increased the number of days he needed to work from home. Defendant's Motion to Dismiss should be DENIED as to the FMLA retaliation claim in Count V.

### 2.    Plaintiff has sufficiently pled an FMLA interference claim.

American attempts to argue that Plaintiff's failed to properly plead a FMLA interference claim due to a perceived lack of allegations regarding the FMLA-protected right at issue and how American interfered with, restrained, or denied that right. *See* MTD, at 19. But even the Motion to Dismiss acknowledges that Plaintiff has pled that his frequent breaks due to his Crohn's flare-ups constituted FMLA-protected activity. *See id.* (citing FAC ¶ 63). What American conveniently ignores is that Plaintiff also pled that unreasonable restrictions on the use

---

[2] While this is an evidentiary framework that need not be pled to survive a Rule 12(b)(6) motion, the First Amended Complaint nevertheless satisfies these requirements. *See Wiggins v. Coast Prof'l, Inc.*, No. 14–0002, 2014 WL 2768841, at *4 & n.2 (W.D. La. June 18, 2014) (citing *Twombly*, 550 U.S. at 569-70; *Swierkiewicz v. Sorema*, 534 U.S. 506, 510, 515 (2002)).

of his FMLA-protected leave were placed on him by Mr. Pham. Specifically, Mr. Pham required *one week's notice* before Plaintiff was to use his FMLA breaks, a patently absurd requirement that clearly interferes, restrains, and attempts to deny him his rights. *See* FAC ¶ 21. Plaintiff has therefore sufficiently pled an FMLA interference claim, for which the Motion to Dismiss should also be denied as to the FMLA interference claim in Count V.

### III.   CONCLUSION

Plaintiff's First Amended Complaint clearly shows the Court's subject-matter jurisdiction over Plaintiff's TCHRA and ADA claims. The First Amended Complaint also sufficiently alleges facts on which the Court can plausibly infer violations of the TCHRA, the ADA, and the FMLA. American's Motion to Dismiss should therefore be denied in its entirety. Should the Motion to Dismiss be granted, Das respectfully requests leave to file a second amended complaint pursuant to Rule 15(a)(2) to cure any deficiencies that the Court determines remain.

Plaintiff also requests all other relief to which Plaintiff is entitled in equity and at law.

Respectfully Submitted,

Jennifer J. Spencer (Attorney-in-Charge)
State Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
State Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
M. Neal Bridges
State Bar No. 24092171
nbridges@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**BAL ANAND DAS**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 13, 2019, a true and correct copy of the foregoing document was served upon all persons who have requested notice and service of pleadings in this case via the Court's ECF system and via email/PDF.

James E. Hunnicutt