IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| BAL ANAND DAS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-870-A |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION & ORDER

Came on for consideration the motion by defendant, American Airlines, Inc., to dismiss. In light of the motion, the response by plaintiff, Bal Anand Das, the reply, the record, and the applicable authorities, the court finds that such motion should be granted in part and denied in part.

I.

Plaintiff's Amended Complaint

In summary form, plaintiff makes the following allegations in his amended complaint:

Plaintiff, a former employee of defendant, experienced post-surgical complications and medical conditions which affected his digestive and bowel functions. Doc. 7 ¶¶ 7-8. On multiple occasions between his return to work from surgery on July 12, 2016 and August, 2018, plaintiff requested a flexible schedule or the ability to work from home to accommodate his conditions, but his requests were denied. Id. ¶¶ 9, 11-15, 20, 22-24. In June,

2017, plaintiff took a month of FMLA leave after he was diagnosed with Crohn's disease. Id. ¶¶ 10-11. Upon his return, he was subjected to harassment by his supervisor, who viewed him as a liability to the team due to his medical conditions. Id. ¶¶ 17, 20-21, 25. On August 13, 2018, defendant terminated plaintiff, purportedly as part of a reduction-in-force, which plaintiff alleges was pretextual. Id. ¶¶ 30-31.

On February 8, 2019, plaintiff dual-filed with the Texas Workforce Commission ("the TWC") and the U.S. Equal Employment Opportunity Commission ("the EEOC") an unsworn and unverified Employment Discrimination Complaint Form detailing his complaints. Doc. 12 at 1-4. On February 15, 2019, the TWC sent plaintiff notice that it lacked jurisdiction over his complaint and had forwarded it to the Fort Worth Community Relations Department for processing. Id. at 5. On March 18, 2019, plaintiff filed a sworn and verified charge of discrimination with the Fort Worth Human Relations Commission ("the FWHRC") and the EEOC. Id. at 6-8. On June 10, 2019, the EEOC issued its Dismissal and Notice of Rights to plaintiff. Doc. 7 ¶ 5. On September 9, 2019, plaintiff brought suit against defendant in the 348th Judicial District Court of Tarrant County, Texas, and on October 14, 2019, defendant removed the action to this court. Id. ¶ 6; Doc. 1.

* * * * *

Plaintiff asserts five counts in his first amended complaint: (I) failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("the ADA"), (II) harassment in violation of the ADA, (III) discriminatory discharge in violation of the ADA and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, et seq. ("the TCHRA"), (IV) retaliatory discharge in violation of the ADA and the TCHRA, and (V) retaliation and interference in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("the FMLA"). Doc. 7 ¶¶ 33-68.

II.

Grounds of the Motion

Defendant asserts that (I) plaintiff's ADA and TCHRA claims should be dismissed for failure to state a claim upon which relief may be granted because plaintiff failed to exhaust administrative remedies; (II) the TCHRA claims should be dismissed for a lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies; (III) the ADA failure to accommodate claim should be dismissed because plaintiff's alleged exhaustion of administrative remedies was not timely; and (IV) all of plaintiff's claims should be dismissed

3

because plaintiff failed to plead sufficient facts to state any claim upon which relief may be granted. Doc. 9 at 6-19.

III.

Analysis

A. Exhaustion of Administrative Remedies

The ADA incorporates by reference the procedures applicable to actions under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a). "Before a plaintiff may file a civil action under Title VII or the ADA, he must exhaust administrative remedies," or his claims should be dismissed for failure to state a claim upon which relief may be granted. Henson v. Bell Helicopter Textron, Inc., 128 F. App'x 387, 390 (5th Cir. 2005). Defendant asserts that plaintiff's ADA and TCHRA claims should be dismissed for failure to exhaust said remedies because his original filing (I) lacked verification in violation of 29 C.F.R. § 1601.9, (II) was not signed under oath or subscribed as true under penalty of perjury in violation of 40 Tex. Admin. Code § 819.41(c), and (III) was not filed with an agency with jurisdiction over the complaint. Doc. 9 at 7. Such arguments fail.

The lack of verification and signature under oath in plaintiff's February 8, 2019 TWC complaint was cured by the

4

filing of the March 18, 2019 charge with the FWHRC.[1] TEX. LAB. CODE § 21.201(e) ("A complaint may be amended to cure technical defects or omissions, including failure to verify . . . ."). Under both federal and state law, the March 18, 2019 charge relates back to plaintiff's original complaint. TEX. LAB. CODE § 21.201(f); 29 C.F.R. § 1601.12(b); <u>Price v. Sw. Bell Tel. Co.</u>, 687 F.2d 74, 77 (5th Cir. 1982) (Title VII); <u>Hennigan v. I.P. Petroleum Co., Inc.</u>, 858 S.W.2d 371, 373 (Tex. 1993) (TCHRA). Further, it is immaterial that plaintiff filed his original, unverified complaint with the incorrect commission because it was forwarded to the Fort Worth Community Relations Department within a week of its filing. See <u>Hennigan</u>, 858 S.W.2d at 373.

Because plaintiff's filings were sufficient, plaintiff's ADA and TCHRA claims should not all be dismissed for failure to exhaust administrative remedies.

B.  <u>Subject Matter Jurisdiction</u>

Defendant also argues that plaintiff's TCHRA claims should be dismissed for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies. As stated above, plaintiff exhausted said remedies. Further, this is not a

---

[1] Defendant correctly remarks that plaintiff's complaint contains no mention of the March 18, 2019 charge. Doc. 13 at 1. However, failure to exhaust administrative remedies is an affirmative defense for which defendant, and not plaintiff, bears the burden of pleading and proof. <u>Davis v. Fort Bend Cty.</u>, 893 F.3d 300, 307 (5th Cir. 2018).

jurisdictional issue. "Given the similarity between the ADA and the TCHRA, Texas courts 'look to analogous federal precedent for guidance when interpreting the Texas Act.'" Rodriguez v. ConAgra Grocery Prods. Co., 436 F.3d 468, 473-74 (5th Cir. 2006) (quoting NME Hosps., Inc. v. Rennels, 994 S.W.2d 142, 144 (Tex. 1999)). The ADA incorporates by reference the procedures applicable to actions under Title VII. 42 U.S.C. § 12117(a). Fifth Circuit case law contains conflicting authority regarding "whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit . . . or whether it is a requirement that implicates subject matter jurisdiction." Pacheco v. Mineta, 448 F.3d 783, 788 n.7 (5th Cir. 2006). Because "one panel may not overrule the decision - right or wrong - of a prior panel, absent en bank reconsideration or a superseding contrary decision of the Supreme Court," In re Dyke, 943 F.2d 1435, 1442 (5th Cir. 1991), exhaustion is a condition precedent to bringing an action under Title VII and not a jurisdictional prerequisite. Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970). Therefore, failure to exhaust administrative remedies is not relevant to a motion to dismiss for lack of subject matter jurisdiction.

C.  Timeliness of the ADA Failure to Accommodate Charge

Defendant contends that plaintiff's failure to accommodate claim should be dismissed for failure to exhaust administrative remedies because plaintiff did not file his charge with the EEOC "within three hundred days after the alleged unlawful employment practice" as required by the ADA. Doc. 9 at 10; 42 U.S.C. § 2000e-5(e)(1). The court agrees.[2]

From July 2016 to August 2018, plaintiff repeatedly requested the same accommodations – a flexible schedule or the ability to work from home – which defendant repeatedly denied. Doc. 12 at 3, 7; Doc. 7 ¶¶ 9, 11-15, 20, 22-24. Although denials of distinct accommodation requests constitute discrete acts with their own limitations periods, Henson, 128 F. App'x at 391, an employer standing by a prior denial after an employee requests reconsideration neither constitutes a discrete act nor extends the filing period. See Del. State Coll. v. Ricks, 449 U.S. 250, 261 n.15 (1980) ("Mere requests to reconsider, however, cannot extend the limitations periods applicable to the civil rights laws."); see also Conner v. Reckitt & Colman, Inc., 84 F.3d 1100,

---

[2] The court notes that plaintiff's response to the motion to dismiss requests leave to file a second amended complaint in the event that the court grants the motion. Doc. 11 at 12. However, the court does not construe such a request as a motion for leave to amend because it fails to comply with the Local Civil Rules. First, plaintiff did not attach a copy of the proposed amended filing as an exhibit. Local Civil Rule LR 15.1(a). Second, the title of the document did not clearly identify a motion for leave to amend. Local Civil Rule LR 5.1(c). Third, plaintiff did not provide a certificate of conference. Local Civil Rule LR 7.1(h).

1102 (8th Cir. 1996); Zdziech v. DaimlerChrysler Corp., 114 F. App'x 469, 472 (3d Cir. 2004). Because plaintiff began requesting the accommodations in July 2016, a charge alleging failure to accommodate was due, at the latest, by May 27, 2017, three hundred days after the last day of July 2016. Because plaintiff did not file with the EEOC until February 8, 2019, his ADA failure to accommodate claim should be dismissed.

Plaintiff alleges that defendant's denial of an April 19, 2018 request constitutes a distinct discriminatory act subject to its own limitations period because of a change in his medication schedule and because defendant directed him to resubmit his request. Doc. 11 at 5-6. However, neither plaintiff's February 2019 complaint nor his March 2019 charge allege that this occurred.[3] See Doc. 12 at 2-4, 6-7. Plaintiff therefore did not exhaust his administrative remedies regarding this potentially distinct allegation.

D. Failure to Plead Sufficient Facts

Defendant argues that each of plaintiff's claims should be dismissed for failure to state a claim for relief. Doc. 9 at 12-19. The court finds that plaintiff adequately pleaded his ADA and TCHRA claims but that his FMLA claims should be dismissed.

---

[3] Instead, both allege the denial of "repeated requests" from July 2016 to August 2018 and one particular denial in December 2017. Doc. 12 at 3, 7.

1. <u>Legal Standard</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Id.</u> at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim for which relief may be granted, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Id.</u> at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations

that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

2. ADA Failure to Accommodate Claim

Defendant argues that plaintiff's ADA failure to accommodate claim should be dismissed for the additional reason that plaintiff failed to plead that defendant "refused any and all reasonable accommodations" and instead only pleaded that defendant "turned down his specifically requested and preferred accommodations." Doc. 9 at 14 (citing E.E.O.C. v. Agro Distrib., LLC, 555 F.3d 462, 471 (5th Cir. 2009)). Plaintiff appears to plead that defendant failed to provide any reasonable accommodation because no reasonable alternatives existed to his requested accommodations. See, e.g., Doc. 7 ¶ 3 (referring to his requested accommodations as "necessary"). Consequently, dismissal for failure to state a claim is improper.[4]

3. ADA Harassment Claim

Defendant moves to dismiss plaintiff's ADA harassment claim for failing to plead sufficient facts to show that the harassment

---

[4] This claim still should be dismissed for failure to exhaust administrative remedies.

was based on plaintiff's disability and that the harassment affected a term, condition, or privilege of plaintiff's employment. Doc. 9 at 14-15 (citing Credeur v. La. Through Office of Attorney Gen., 860 F.3d 785, 795-96 (5th Cir. 2017)). Such arguments fail.

Plaintiff adequately pleaded that the harassment was based on his disability. Plaintiff alleged that his supervisor, Mr. Pham ("Pham"), (I) "required Plaintiff to share [during a meeting with his teammates] the details of his medical condition, including highly sensitive and embarrassing information regarding the symptoms he experiences," Doc. 7 ¶ 17; (II) "frequently referred to Plaintiff's disability in front of his team, calling Plaintiff the 'slowest link in the chain,'" id. at ¶ 20; (III) made "numerous" references to "sick people" during meetings, id.; and (IV) on "several occasions" required plaintiff to "give him a week's notice if he needed to take a lengthy bathroom break to alleviate his symptoms," id. ¶ 21. Plaintiff also pleads that Pham was hostile in ways less obviously related to his disability[5] and that such acts were motivated by his frustration about having "a sick person" on the team. Id. ¶¶ 20, 25.

---

[5] Plaintiff alleges Pham scrutinized plaintiff's work in front of coworkers, overloaded plaintiff with work, spent over half the duration of most team meetings shouting at plaintiff, and reprimanded plaintiff for mistakes Pham ignored when made by others. Doc. 7 ¶ 20.

Plaintiff also adequately pleaded that the harassment affected a term, condition, or privilege of employment because it amounted to more than "simple teasing, offhand comments, and isolated incidents." See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). Plaintiff alleges he was subject to an illogical bathroom policy, overwork, public shaming, yelling, and disproportionate reprimands in addition to Pham's barrage of insults. Doc. 7 ¶¶ 17, 20-21. Plaintiff also pleads that these instances of harassment were not isolated, but "frequent," "numerous," and "several." Id. ¶¶ 20-21.

4. ADA and TCHRA Discriminatory Discharge Claims

Defendant argues that plaintiff's ADA and TCHRA discriminatory discharge claims should be dismissed because he failed to plead facts showing that he "was replaced by a non-disabled person or was treated less favorably than non-disabled employees." Doc. 9 at 15-16 (citing Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995)). However, the court can infer from plaintiff's pleadings that he was treated less favorably than his peers. For example, it is clear from the face of plaintiff's pleadings that other workers were not required to share medical details during meetings or to notify Pham a week before they needed to relieve themselves. See Doc. 7 ¶¶ 20-21.

Further, plaintiff stated that Pham punished him but not others for the same mistakes. Id. ¶ 20.

5. ADA and TCHRA Retaliatory Discharge Claims

Defendant moves to dismiss plaintiff's ADA and TCHRA retaliatory discharge claims for failing to plead facts tending to show he was terminated because he engaged in a protected activity. Doc. 9 at 16-17 (citing Credeur, 860 F.3d at 797). However, temporal proximity between the protected activity and termination can be sufficient to establish a prima facie showing of causation. Evans v. Houston, 246 F.3d 344, 354 (5th Cir. 2001). Plaintiff complained about discrimination less than seven weeks before he was terminated. Doc. 7 ¶¶ 27, 30. Because a time lapse over twice as long has been found sufficient to show causation, plaintiff's retaliatory discharge claims should not be dismissed for failure to state a claim. Evans, 246 F.3d at 354 (noting approvingly that a four-month lapse has been found sufficient in district court) (internal citations omitted).

6. FMLA Retaliation and Interference Claims

Defendant contends that plaintiff's FMLA retaliation and interference claims should be dismissed for failure to state a claim upon which relief may be granted. Doc. 9 at 17-19. The court agrees. Plaintiff argues that his frequent restroom breaks and need to work from home constituted FMLA-protected actions,

Doc. 7 ¶¶ 63-65, but they do not. See Mauder v. Metro. Transit Auth., 446 F.3d 574, 580-81 (5th Cir. 2006) (restroom breaks); Burnette v. RateGenius Loan Servs., Inc., 671 F. App'x 889, 893 (5th Cir. 2016) (working from home). Plaintiff alleges that he did take FMLA leave in June 2017, but he fails to allege that defendant interfered with such leave or terminated him because of it. Doc. 7 ¶¶ 11, 30-31, 64.

IV.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted in part and denied in part, and that plaintiff's claims and causes of action related to failure to accommodate under the ADA and interference and retaliation under the FMLA be, and are hereby, dismissed.

The court further ORDERS that no later than January 27, 2020, defendant file its answer to plaintiff's remaining claims as alleged in his amended complaint.

SIGNED January 21, 2020.

JOHN McBRYDE
United States District Judge