IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BAL ANAND DAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-870-A |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION & ORDER

Came on for consideration the motion by defendant, American Airlines, Inc., to dismiss the second amended complaint. Doc.[1] 24. Having considered the motion, the response by plaintiff, Bal Anand Das, the reply, the record, and the applicable legal authorities, the court finds that such motion should be granted in part and denied in part.

I.

Relevant Facts

Plaintiff makes the following allegations in his second amended complaint. Plaintiff, a former employee of defendant, experienced post-surgical complications and medical conditions which affected his digestive and bowel functions. Doc. 22 ¶ 8. Ever since the surgery, plaintiff has been directed by a doctor

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

1

to soak his anorectal area in a "Sitz bath" or bathtub with a solution of Epsom salts following bowel movements and apply medication and bandages to his anorectal area. Id. In June 2017, plaintiff took a month of FMLA leave after he was diagnosed with Crohn's disease. Id. ¶¶ 10-11. In November 2017, plaintiff began experiencing a resurgence in his Crohn's disease symptoms which forced him to take more frequent restroom breaks while at work, and these breaks took longer than usual because plaintiff used a Sitz bath and applied medication and bandages after relieving himself. Id. ¶¶ 17-21. On August 13, 2018, defendant terminated plaintiff, purportedly as part of a reduction-in-force, which plaintiff alleges was pretextual. Id. ¶¶ 30-31.

The facts regarding plaintiff's attempts to exhaust administrative remedies are not all contained in his second amended complaint. However, they may be found elsewhere in the record. On February 8, 2019, plaintiff dual-filed with the Texas Workforce Commission ("the TWC") and the U.S. Equal Employment Opportunity Commission ("the EEOC") an unsworn and unverified Employment Discrimination Complaint Form detailing his complaints.[2] Doc. 12 at 1-4. On February 15, 2019, the TWC

---

[2] The second amended complaint refers to this document as "a Charge of Discrimination against Defendant." Doc. 22 ¶ 5. When deciding the first motion to dismiss, the court found that this document was not, in fact, a sworn, verified charge, but that a later charge related back to this

2

sent plaintiff notice that it lacked jurisdiction over his complaint and had forwarded it to the Fort Worth Community Relations Department for processing. Id. at 5. On March 18, 2019, plaintiff filed a sworn and verified charge of discrimination with the Fort Worth Human Relations Commission ("the FWHRC") and the EEOC. Id. at 6-8.

II.

Procedural Background

This is not the first time the court has ruled on a motion to dismiss in this action. On January 21, 2020, the court granted in part defendant's motion to dismiss plaintiff's first amended complaint. Doc. 15. The court held, inter alia, that plaintiff timely exhausted his administrative remedies because his verified charge filed with the FWHRC related back to his Employment Discrimination Complaint Form filed with the TWC. Id. at 4-5.

On April 20, 2020, plaintiff filed his second amended complaint, asserting claims for (I) harassment under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); (II) discriminatory discharge under the ADA and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, et seq. ("the TCHRA"); (III) retaliatory discharge under the ADA and

---

earlier document. Doc. 15 at 4-5.

3

TCHRA; and (IV) retaliation and interference under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("the FMLA"). Doc. 22. On April 30, 2020, defendant moved to dismiss the TCHRA and FMLA claims in the second amended complaint. Doc. 24. Plaintiff filed a response, Doc. 36, and defendant filed a reply, Doc. 38.

III.

Grounds of the Motion

Defendant seeks the dismissal of the TCHRA discriminatory discharge and retaliatory discharge claims for lack of subject matter jurisdiction for failure to exhaust administrative remedies. Doc. 24 at 4-8. Defendant also argues that plaintiff's FMLA retaliation and interference claims should be dismissed for failure to state a claim for relief. Id. at 11-14.

IV.

Applicable Legal Standards

A. Subject Matter Jurisdiction

A district court has the power to dismiss for a lack of subject matter jurisdiction and may make its determination "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

4

plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996). The plaintiff bears the burden of proof regarding jurisdiction at all stages of litigation. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

B.  Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a pleading need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the pleader to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the pleading as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the

5

framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss, the facts pleaded must allow the court to infer that the pleader's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

V.

Analysis

A.  The TCHRA claims should not be dismissed for failure to exhaust administrative remedies.

Defendant argues that the court lacks jurisdiction to decide the TCHRA claims because plaintiff failed to exhaust administrative remedies. Doc. 24 at 4-8. The court disagrees.

The court already ruled in its memorandum opinion and order signed January 21, 2020 that plaintiff timely exhausted his

6

administrative remedies. Doc. 15 at 4-5 (finding that the verified charge filed with the FWHRC related back to his Employment Discrimination Complaint Form filed with the TWC). The court notes that its earlier opinion incorrectly stated that exhaustion of administrative remedies under the TCHRA was not a jurisdictional question and that it was defendant's burden to show that exhaustion had not occurred. Id. at 5 n.1; but see Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991) (exhaustion is a jurisdictional question). However, the court found that plaintiff timely exhausted his administrative remedies, not that defendant failed to prove that he did not. Because plaintiff exhausted his administrative remedies, the TCHRA claims should not be dismissed for lack of jurisdiction.

B. <u>The FMLA claims should be dismissed for failure to state a claim for relief.</u>

Defendant also argues that plaintiff's FMLA claims should be dismissed for failure to state a claim. Doc. 24 at 11-14. The court agrees.

Plaintiff claims that his "frequent restroom breaks of an extended period to apply necessary medical treatments" constitute an activity protected by the FMLA. Doc. 22 ¶ 55. However, periodic time spent at work but away from one's desk is distinct from FMLA-protected time away from one's place of work. See Mauder v. Met. Trans. Auth., 446 F.3d 574, 580-81 (5th Cir.

7

2006). Here, like in Mauder, plaintiff sought "unfettered permission, while at work, to take necessary restroom breaks." Id. at 580. Longer, more frequent trips to the bathroom while at work do not constitute periods of incapacity for which one must be absent from the workplace, so the FMLA is not triggered. Mauder, 446 F.3d at 581; Rojas v. City of Grand Prairie, No. 3:18-CV-1776-K, 2019 WL 1115052, at *5 (N.D. Tex. Mar. 11, 2019).

Plaintiff attempts to distinguish Mauder from the facts in this case by emphasizing that plaintiff was not away from his desk only to use the toilet, and that he stayed in the restroom to apply a Sitz bath, medication, and bandages after he relieved himself. Doc. 36 at 7-8. Nonetheless, these breaks are distinct from the leave from a workplace contemplated by the FMLA and do not constitute periods of incapacity. Mauder, 446 F.3d at 581; Rojas, 2019 WL 1115052, at *5.

Further, although plaintiff alleges that he took FMLA leave in June 2017, Doc. 22 ¶ 11, he does not allege that defendant interfered with such leave or terminated him because of it. Consequently, plaintiff has failed to state claims of retaliation and interference under the FMLA.

8

VI.

Order

Therefore,

The court ORDERS that the motion to dismiss be, and is hereby, granted in part and denied in part, and that plaintiff's FMLA retaliation and interference claims be, and are hereby, dismissed.

The court ORDERS that no later than 4:00 p.m. on June 26, 2020, defendant file its answer to plaintiff's remaining claims as alleged in his second amended complaint.

SIGNED June 12, 2020.

JOHN McBRYDE
United States District Judge

9